**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

L&C BABB MANAGEMENT,

    Plaintiff,

v.                                        Case No: 6:15-cv-1209-Orl-40GJK

AMERICAN HOME MORTGAGE, et al.,

    Defendants.

## ORDER

This cause comes before the Court on Defendants' Motion to Strike and Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Doc. 26), filed September 28, 2015. On November 2, 2015, Plaintiff responded in opposition. (Doc. 38). Upon consideration, the Court finds that Plaintiff lacks standing to maintain this action.

**I.   BACKGROUND**

Plaintiff, L&C Babb Management ("L&C"), describes itself as a "Texas Joint Stock Company" which holds a legal and beneficial interest in real property located in Orange County, Florida (the "Property"). (Doc. 22, ¶¶ 3–4, 8). L&C states that Lennox and Clarice Babb (the "Babbs")[1] are its trustees. (*Id.* ¶ 3). On September 28, 2006, the Babbs executed a promissory note in favor of Defendant, American Home Mortgage ("AHM"), in the amount of $365,000. (*Id.* ¶ 17). The same day, the Babbs executed a mortgage in favor of AHM to secure the note. (*Id.* ¶ 18). The mortgage granted AHM a security

---

[1] The Babbs are not parties to this lawsuit.

1

interest in the Property for the total amount of the note. (Doc. 22-4). On October 5, 2006, the mortgage was filed in the public records of Orange County, Florida. (Doc. 22, ¶ 20).

According to the terms of the mortgage, AHM is required to release its security interest upon receiving payment of all sums secured by the mortgage. (*Id.* ¶ 24). At some point, the note was sold to Defendant, Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2006-6 (the "Deutsche Bank Trust"). (*Id.* ¶ 23). However, L&C states that AHM never released its security interest in the mortgage as required by its terms. (*Id.* ¶ 25). On October 3, 2014, the Babbs mailed a letter titled "Error Resolution and Information Request" to AHM and to the servicer of the mortgage, Defendant, Ocwen Loan Servicing, LLC ("Ocwen"). (*Id.* ¶ 26). The letter purported to verify that AHM and Ocwen were the rightful owners of the note and made numerous demands, including that AHM and Ocwen "produce the original wet ink signature promissory note" along with all documents in their possession relating to the note and mortgage. (Doc. 22-6). On October 16, 2014, Ocwen responded to the Babbs' letter and advised that the Deutsche Bank Trust owned the note. (Doc. 22-7).

L&C contends that AHM failed to properly transfer the note and mortgage to the Deutsche Bank Trust. (Doc. 22, ¶¶ 33, 35). L&C also asserts that AHM lacked the authority to originate the note and mortgage in the first place because it was never incorporated in the State of New York as it represented on the mortgage. (*Id.* ¶ 41). As a result, L&C initiated this lawsuit in state court on June 30, 2015. Defendants thereafter removed the action to this Court due to the presence of a federal question.

After removal, L&C filed an Amended Complaint in which it alleges eight claims. Count I seeks to invalidate the note and mortgage and to recover all sums paid by the

Babbs in connection with the note and mortgage. Count II alleges that AHM breached its contractual obligations to the Babbs by improperly transferring the note and mortgage and "by not being a legal entity." Count III alleges that AHM made misrepresentations to the Babbs in originating the note and mortgage. Count IV seeks to quiet title to the Property. Count V alleges that AHM, the Deutsche Bank Trust, and Ocwen violated section 673.5011(1)(b) of the Florida Statutes and section 3-501(b)(2) of the Uniform Commercial Code by failing to produce the Babbs' original note when demanded to do so. Count VI takes the form of a declaratory judgment claim in which L&C requests the Court to declare that Defendants hold no legal interest in the note and mortgage and are not entitled to receive payments from the Babbs. Count VII asserts a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f, against the Deutsche Bank Trust for its alleged failure to notify the Babbs that it acquired the note or the mortgage from AHM. Finally, Count VIII requests other myriad declaratory relief. Defendants now move to strike or, in the alternative, dismiss the Amended Complaint.

## II. DISCUSSION

Defendants raise a number of grounds which they contend warrant striking or dismissal. However, only one ground merits discussion in this Order: whether L&C has standing to bring the claims it asserts. Defendants submit that L&C does not, as it has no legal interest in the mortgage, note, or the Property and has suffered no injury from Defendants' conduct. (Doc. 26, pp. 11–13).

Standing to bring and maintain a lawsuit is a fundamental component of a federal court's subject matter jurisdiction. *Clapper v. Amnesty Int'l USA,* 133 S. Ct. 1138, 1146 (2013). Challenges to standing therefore attack the court's subject matter jurisdiction to

adjudicate the parties' dispute.  *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam).  Attacks on standing come in two forms: facial and factual.  *Id.*  In a facial attack, the court looks to the face of the complaint and determines whether the plaintiff sufficiently alleges standing.  *Id.* at 1232–33.  In doing so, the court is limited to the complaint's allegations and its attached exhibits, which the court must accept as true.  *Id.*  In contrast, a factual attack contests the plaintiff's standing in fact, regardless of what the complaint says.  *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).  When confronting a factual attack, the court affords no presumption of truth to the complaint and may consider matters outside of its allegations and exhibits, such as affidavits, testimony, and other evidence.  *Id.*  Defendants challenge whether L&C has standing because L&C holds no interest in the note or mortgage and is not the title owner to the Property, despite what the Amended Complaint says.  Defendants therefore launch a factual attack and the Court need not accept the Amended Complaint's allegations as true in determining whether L&C has standing to maintain this lawsuit.

As the plaintiff, L&C bears the burden of proving standing, which requires a three-part showing: (1) L&C suffered or will imminently suffer an injury-in-fact; (2) a causal connection exists between this injury and Defendants' conduct; and (3) L&C's injury is likely to be redressed by a favorable decision.  *Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1286 (11th Cir. 2010) (subsequent history omitted).  As to injury-in-fact, L&C must demonstrate that it holds "a legally cognizable interest that has been or is imminently at risk of being invaded."  *Id.*  At the pleading stage, this requirement is not particularly

4

onerous and will be satisfied by "general factual allegations of injury resulting from [Defendants'] conduct." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

All eight of L&C's claims revolve around injuries allegedly suffered by the Babbs in connection with the note, mortgage, and Property. However, the Babbs are not parties to this lawsuit. Moreover, the most the Court is able to glean from the Amended Complaint's allegations is that the Babbs executed a note and mortgage in favor of AHM and that these documents were eventually transferred in some manner to the Deutsche Bank Trust. (Doc. 22, ¶¶ 17–20, 23). The note, mortgage, and a chain of title analysis L&C attaches to the Amended Complaint confirm that the Babbs remain the borrowers under these instruments and that L&C has never held an interest in either. (Docs. 22-2, 22-3, 22-4). With respect to the Property, L&C alleges that it is the title owner. (Doc. 22, ¶ 4). In support, L&C produces a warranty deed which shows that the Babbs attempted to convey the Property to L&C on December 20, 2014. (Doc. 22-1). However, as L&C concedes in its response to Defendants' motion, this conveyance was ineffective because the Babbs improperly executed the deed under Florida law. (Doc. 38, pp. 9–10). As a result, the Babbs remain the title owners to the Property. Although L&C assures that it is working to remedy this "unintentional error," L&C has not yet done so. The Court is therefore left with L&C's admission that it has no interest in the Property.

Since L&C has no interest in the note, mortgage, or Property and the injuries claimed in the Amended Complaint were allegedly suffered by the Babbs who are not parties to this litigation, the Court finds that L&C fails to demonstrate that it suffered a cognizable injury-in-fact. Accordingly, L&C lacks standing to maintain this lawsuit and the Amended Complaint must be dismissed.

### III.    CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Strike and Motion to Dismiss Plaintiff's Amended Complaint (Doc. 26) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendants' motion to dismiss is **GRANTED**. Plaintiff lacks standing to maintain this lawsuit. The Amended Complaint (Doc. 22) is therefore **DISMISSED** for lack of subject matter jurisdiction.
2. Defendants' motion to strike is **DENIED AS MOOT**.
3. The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on May 13, 2016.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record